UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FRANCIS SINGH,**   CASE NO:

   Plaintiff,

vs.

**SHERIFF DENNIS M. LEMMA as Sheriff
of Seminole County Florida Sheriff's Office,**

   Defendants.
   _____/

# COMPLAINT

## INTRODUCTION

COMES NOW Plaintiff, FRANCIS SINGH (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel and sues Defendant, SHERIFF DENNIS M. LEMMA as Sheriff of Seminole County Florida Sheriff's Office, (hereinafter referred to as "LEMMA") and alleges the following:

## PARTIES

1. Plaintiff is presently a resident of Seminole County, Florida and at all material times herein was a resident of Seminole County, Florida.

2. Defendant, LEMMA is, and was at all times relevant, the Sheriff of Seminole County. In that capacity, Defendant LEMMA enjoyed final policymaking authority with respect to public safety, policing, and law enforcement matters for Seminole County Florida. Defendant LEMMA was, thus responsible for the training,

Page **1** of **10**

discipline, supervision, and policy making for all Seminole County Sheriff's Office Deputies.

## VENUE AND JURISDICTION

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1332, 1343, and 1367, and venue is properly set in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §1391.

4. Venue is proper because the Defendants acts giving rise to the cause of action occurred and were directed from Seminole County, Orlando Florida.

5. This Court has concurrent jurisdiction for the pendant state law claims that arise out of Seminole, County Florida and within the city limits of Oviedo, Florida.

6. Pursuant to §768.28(6)(a), Florida Statutes, Plaintiff has notified Defendant of his claims six months or more prior to the filing of this action and said claims were not resolved. Plaintiff has fully complied with §768.28(6)(a), including providing notice and service, if applicable, to the Florida Department of Financial Services.

7. Pursuant to §768.28(6)(a), Florida Statutes, Plaintiff has notified Defendant of his claims six months or more prior to the filing of this action and said claims were not resolved. Plaintiff has fully complied with §768.28(6)(a), including providing notice and service, if applicable, to the City of Oviedo.

8. All condition precedent to the filing of this actions have occurred, accrued, or have been waived as a matter of law.

9. On information and belief, it is alleged that the Defendant resides or is a corporation conducting business in this judicial district within Seminole County, Florida.

10. This is an action for money damages for the injuries suffered by PLAINTIFF as a result of unlawful conduct, in violation of Plaintiff's civil, constitutional rights, and the laws of the great state of Florida.

11. Throughout the investigation and prosecution of PLAINTIFF. DEFENDANTS showed deliberate indifference towards PLAINTIFFS civil and constitutional rights by claiming that the PLAINTIFF committed the act of Driving Under the Influence.

12. This is an action brought pursuant to 42 U.S.C. §1983, which provides:

    Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory .... subjects or causes to be subjected any citizen of the United States or others person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

## **GENERAL ALLEGATIONS**

13. On or about August 8, 2015 the Appellant, Francis Singh, was driving a 2014 White Dodge Ram with a Florida tag heading East on Mitchell Hammock Road and S.R. 434 when Oviedo Police Officer Jaymes Dominguez falsely alleged that he observed the Defendant commit a violation of Florida Statute Section 316.193(1) (Driving Under the Influence).

14. Officer Dominquez testified at the Motion to Suppress Hearing on March 8, 2016, that he "pulled up from behind Mr. Singh and noticed that the truck swerved off to the side of the -- from one lane to another and then slam on its brakes."

15. Officer Monani also alleged he was running a Stalker II speed radar gun and then radioed ahead to Officer Dominguez to perform a traffic stop based on Officer Monani's conclusions that Mr. Singh was traveling 58 mph in a 45 mph zone.

16. Officer Dominguez alleged to have observed the vehicle swerve to the other lane and then come to a complete stop at the light at Mitchell Hammock Road and S.R. 434.

17. Upon encountering the vehicle, Officer Dominguez observed two occupants, the driver, Mr. Singh, and a passenger in the vehicle.

18. Officer Dominguez engages the vehicle and begins to speak to Mr. Singh.

19. Officer Dominguez alleges he approaches the vehicle and requests the windows to be drawn down.

20. Officer Dominguez alleges he requests Mr. Singh's license and Mr. Singh hands Officer Dominguez his license with no issue.

21. Officer Dominguez alleges during the encounter, Officer Dominguez has an in-depth conversation with the passenger.

22. Officer Dominguez alleges the passenger explains that they are coming from Flanagan's where Mr. Singh had picked him up.

23. Officer Dominguez alleges he was standing by driver's side window during the encounter but the passenger was leaning across Mr. Singh to speak to Dominguez.

24. Prior to directing Mr. Singh to exit his vehicle, Officer Dominguez never states the reason for his stop or that he suspects Mr. Singh is impaired.

25. Furthermore, Officer Dominguez makes no mention of smelling the odor of alcohol, slurred speech, glassy eyes or any other indicators that a person has been driving under the influence.

26. Upon Plaintiff exiting the vehicle, the video does not demonstrate that Mr. Singh is unstable on his feet.

27. In addition, there is no instance where his speech is slurred.

28. Upon exiting the vehicle, Officer Dominguez directed Mr. Singh away from the car and requested he perform field sobriety exercises.

29. Based on Mr. Singh's performance, Officer Dominguez arrested him for suspicion of DUI.

30. Based on conversations with Mr. Singh who categorically denied speeding on the night in question, on September 17, 2015, counsel filed a Supplemental Demand requesting the actual dispatch recordings that contains the officers and dispatchers statements relayed between officers and dispatch.

31. The Plaintiffs maintains that the that the actual dispatch recording would have supported that the officers never described his vehicle or called in his vehicle for speeding.

32. Plaintiff also maintains that the that the actual dispatch recording that were destroyed would have supported that Officer Monani did not radioed ahead to Officer Dominguez to perform a traffic stop based on the false allegation that Mr. Singh was traveling 58 mph in a 45 mph zone.

33. Mr. Singh retained counsel on or about August 14, 2015.

34. As part of said pleadings, counsel filed his Notice of Intent to Participate in Discovery on August 14, 2015.

35. In addition, due to the irregularities surrounding Mr. Singh's arrest, counsel filed several other pretrial motions, the following which were filed on September 28, 2015. First, counsel filed a Motion To Suppress Evidence Based Upon Unlawful Seizure of the Defendant (MTS1), challenging the detention/seizure and statement

made by Mr. Singh due to violations under the Florida Constitution as well as the Fourth and Fourteenth Amendments of the United States Constitution. Second, counsel filed a Motion to Suppress Evidence Based Upon Lack of Reasonable Suspicion to Request Defendant Perform Sobriety Exercises (MTS2), challenging the seizure, detention and arrest of Mr. Singh due to violations under the Florida Constitution as well as the Fourth and Fourteenth Amendments of the United States Constitution. Third, counsel filed a Motion to Suppress Breath Test Results for Lack Of Substantial Compliance (Motion to Suppress/Motion in Limine) (MTS3) challenging the admissibility and reliability of the breath results due to the vomiting, burping, and regurgitation that occurred prior to the test being administered,

36. Fourth, counsel filed a Motion in Limine to Exclude Observations of Defendant's Performance on Field Sobriety Exercises, asking the court to enter an Order excluding the observations of law enforcement of field sobriety exercises performed by the Defendant where his medically documented condition prevented him from completion of the same, as admission of said observations would substantially and unfairly prejudice the Defendant.

37. In addition to those motions his counsel filed a Motion to Dismiss Based on Violations of Due Process on March 16, 2016, based on the State's deliberate and wonton failure to task for the audio CAD report that was requested via Defendant's supplemental demand filed on September 17, 2015.

38. Prior to filing the Motion to Dismiss Plaintiffs attorney raised the discovery issue at the Pre-Trial Conference prior to the commencement of the Motion to Suppress hearing.

39. Plaintiffs attorney also raised the discovery issue at the Motion to Suppress hearing.

40. A hearing on the outstanding motions was initially set for November 24, 2015, however the motions were rescheduled due to Judge John Woodard's unavailability because of health related issues.

41. Thereafter, hearing dates were set and reset due to scheduling conflicts and unavailability, and finally a hearing on the various motions was conducted on March 8, 2016.

42. Even though Plaintiffs counsel at the time raised the failure of the State to respond to the supplemental discovery demand, the hearing on the motions to suppress and motion in limine proceeded.

43. The court heard testimony in regard to the Motion to Suppress Based Upon Unlawful Seizure of Defendant, Motion to Suppress Based Upon Lack of Reasonable Suspicion to Request Defendant Perform Field Sobriety Exercises, Motion to Suppress Breath Test Results For Lack of Substantial Compliance and Motion in Limine to Exclude Observations of Defendant's performance on Field Sobriety Exercises.

44. Defendant, LEMMA failed to collect and preserve the audio "CAD" report which did not allow Mr. Singh to prepare an appropriate and viable defense for his DUI case.

45. Defendant, LEMMA were aware of the pending litigation and they had a duty to maintain the legally discoverable electronic files and make them available for copying, inspection, etc. .

46. The Motion to Dismiss based on the discovery violation was filed on March 16, 2016 and eventually heard on March 23, 2017 and the continuation of the various motions hearing was conducted on May 20, 2016. All relief was denied.

47. Because these documents were not provided and counsel's Motion to Dismiss Based on Violation of Due Process was denied (in error) by Judge Dekleva, Mr. Singh entered a plea of no contest reserving his right to appeal.

48. The State contested Mr. Singh's Motion to Stay Sentence or In the Alternative Motion to Set Supersedeas Bond on Appeal.

49. After receiving a non-favorable decision in Appellate Case No.: 16-28-AP, the State Attorney's Office continued the prosecution only for Mr. Singh, on August 9, 2018, to be found finally Not Guilty by a jury of his peers, therefore favorably disposing of the case.

## COUNT I

### VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. §1983 POLICY, PRACTICE OR PROCEDURE
(SHERIFF DENNIS M. LEMMA as Sheriff of Seminole County Florida Sheriff's Office)

50. Plaintiffs realleges and incorporate herein by reference the allegations set forth in paragraphs 1-49 of this Complaint.

51. Defendant, LEMMA, implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, the

destruction of evidence in pending criminal cases in violation of criminal Plaintiffs due process rights.

52. Defendant, LEMMA, implicitly or explicitly adopted and implemented a careless and reckless policy, custom, or practice of allowing employees to destroy evidence in pending criminal cases before the cases are closed.

53. Destruction of evidence in pending criminal cases are clear due process violations.

54. Destruction of evidence in criminal cases causes wrongful convictions.

55. LEMMA's unlawful policy violated plaintiffs due process rights to access to evidence that could have exonerated him without having to go to trial.

56. As a result of this deliberate indifference to PLAINTIFF's rights, PLAINTIFF suffered personal injuries and is entitled to relief under 42 U.S.C. §1983.

57. In committing the acts complained of herein, LEMMA acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights including, but not limited to the right not to be deprived of liberty without due process of law.

58. As a direct and proximate result of the foregoing, Plaintiff was subject to emotional pain, suffering and humiliation, was deprived of his Constitutional rights, suffered extensive economic damages, pain and suffering, emotional damage, mental suffering and anguish and all other damages associated with this claim

WHEREFORE, Plaintiff demands judgment against Defendant, LEMMA for damages, where applicable, costs and attorney's fees as provided by 42 U.S.C. § 1988 and Trial by Jury.

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: October 6, 2021.

>Respectfully submitted,

>*/s/ Bradley Laurent*
>**BRADLEY N. LAURENT, ESQ.**
>Florida Bar Number: 0010530
>8615 Commodity Circle, Unit 6
>Orlando, Florida 32819
>Telephone: (407) 246-0077
>Facsimile: (407) 246-0078
>Email:  bnl@fighting4ulaw .com
>Attorney for PLAINTIFF