UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FRANCIS SINGH,

        Plaintiff,

v.                             Case No: 6:21-cv-1661-RBD-DCI

DENNIS M. LEMMA,

        Defendant.

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Emergency Motion for Reconsideration of Order Granting Motion to Compel and Motion to Strike Defendant's Motion to Compel as Facially and Legally Insufficient (Doc. 36)** |
| **FILED:** | **April 27, 2023** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Defendant Dennis M. Lemma (Defendant) moved for the Court to issue an order to compel the deposition of Plaintiff's lawyer in this case, Carlus Haynes. Doc. 32. Doc. 32. Pursuant to the Court's Standing Order on Discovery, any litigant opposing a short-form discovery motion "shall file a response no later than five days after the motion is filed (*see* Fed.R.Civ.P. 6(a)); **a failure to file a timely response will result in the Motion being deemed unopposed.**" Doc. 4 at 1 (emphasis in the original). On April 25, 2023, the Court granted the motion as unopposed and directed Plaintiff's counsel to submit to the requested deposition on or before May 9, 2023. Doc. 35.

Pending before the Court is Plaintiff's Emergency Motion for Reconsideration of Order Granting Motion to Compel and Motion to Strike Defendant's Motion to Compel as Facially and Legally Insufficient. Doc. 36 (the Motion). Defendant has not yet responded to the Motion, but it is due to be denied. "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.,* 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing *Mannings v. Sch. Bd. of Hillsborough County,* 149 F.R.D. 235, 235 (M.D. Fla. 1993)). Reconsideration of a court order is an extraordinary remedy that must be used sparingly. *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072 (M.D. Fla. 1993). "Only a change in the law, or the facts upon which a decision is based, will justify a reconsideration of a previous order." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). "Court opinions are 'not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *Hope v. Sec'y., Dep't. of Corr. & AG*, 2018 WL 10669778, at *1 (M.D. Fla. Feb. 8, 2018) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). Courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice. *Sussman*, 153 F.R.D. at 694. *See also Stallworth v. Omninet Vill., L.P.*, 2016 WL 10100424, at *2 (M.D. Fla. Aug. 23, 2016) ("Motions for reconsideration are permitted when there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or manifest injustice.") (citing *Tristar Lodging, Inc. v. Arch Speciality Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) *aff'd sub nom. by Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 215 Fed. Appx. 879 (11th Cir. 2007)).

First, Plaintiff is not entitled to relief because the Motion fails to identify and include an analysis of the standard for reconsideration. *See* Doc. 36. There is no memorandum of authority supporting the request under Federal Rule of Civil Procedure 60, and the Motion does not otherwise point to a change in the law, new evidence, or an apparent need to correct clear error or manifest injustice. *See id*. As such, the Motion is deficient pursuant to Local Rule 3.01(a) and is, therefore, due to be denied.

Second, Plaintiff misunderstands the Court's Standing Order. According to the Motion:

> The magistrate granted Defendant's motion where it determined that the motion was deemed unopposed, because counsel failed to file a response within five days. However, in order for the exception to the 14-day response time to be evoked, the moving party must include in the caption of the motion "time-sensitive," and the motion must include an introductory paragraph that explains the nature of the exigency and states the day by which a ruling is requested. Defendant's motion to compel woefully failed in every regard.
>
> The Magistrate cannot grant the Defendant's motion to compel on the basis Plaintiff's counsel failed to file a response where the motion is facially insufficient with respect the caption/title of the document lacking an indication that the motion was "time sensitive" or being filed on an "emergency" basis pursuant to Local 3.01(e) and the Court's Standing Order on Discovery Motions. (Doc.4).

Doc. 36. Whether Defendant's motion to compel was time-sensitive or not, Plaintiff's response was due within five days. The Standing Order's five-day deadline is not contingent upon the time-sensitive nature or any related "caption" of the discovery motion. *See* Doc. 4 at 1. Plaintiff's argument lacks merit.

Third, any argument Plaintiff may have concerning Local Rule 3.01(g) or Federal Rule of Civil Procedure 45 is untimely based on the deadline set forth in the Standing Order. Plaintiff missed the deadline to raise those arguments, and a motion for reconsideration does not reset the clock.

Fourth, the Motion is not an "emergency" pursuant to Local Rule 3.01(e). Counsel's need to prepare for a state jury trial does not create an emergency for the Court. Plaintiff is reminded that "[t]he unwarranted designation of a motion as an emergency can result in a sanction" under Local Rule 3.01(e).

Finally, Plaintiff's counsel does make one point that is worthy of further consideration—he asserts that he is not a litigant or party to this case and, as such, a subpoena directed to him is governed by Rule 45. To the extent Plaintiff's counsel personally seeks relief pursuant to Rule 45, he may file a motion after conferring with counsel for Defendant. And, of course, the Court has issued no order that would permit questioning of Plaintiff's counsel that would invade any privilege. If a Rule 45 motion is filed by Plaintiff's counsel, that motion—and any response thereto—is governed by the Standing Order.

Based on the foregoing, it is **ORDERED** that the Motion (Doc. 36) is **DENIED**.

**ORDERED** in Orlando, Florida on May 1, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE